UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| JASON SEAN HUTSON, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 4:15-CV-12 |
| v. ) | |
| ) | Judge Mattice |
| COFFEE COUNTY JAIL, et al., ) | Magistrate Judge Carter |
| ) | |
| *Defendants.* ) | |
| ) | |

# **MEMORANDUM AND ORDER**

Before the Court is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor. For the reasons stated below, however, process shall not issue and this action will be **DISMISSED**.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); s*ee also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In his complaint, plaintiff states that he was forced to take medication he had previously taken with adverse effects. Plaintiff specifically states that he told Dr. Trussler that he had previously been prescribed Prozac and Risperdal and that these medications had caused him to have suicidal thoughts and disrupted his normal thought patterns. Plaintiff asserts that Dr. Trussler's response was to increase the dosage of those medications. Plaintiff further alleges that when he refused to take the medications, guards threatened him with physical harm, causing him to fear for his safety, and that he would have continued to refuse the medications if not for the threat

2

of bodily harm. Plaintiff has sued Coffee County Jail, Pamela Freeman, whom he appears to allege is the administrator for Southern Star Health and/or for Coffee County Jail, and Dr. Jay Trussler.

Coffee County Jail, however, is not a suable entity within the meaning of 42 U.S.C. § 1983. *See De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (stating that neither a county jail nor a sheriff's department is a suable entity); *Cage v. Kent Cnty. Corr. Facility*, 1997 WL 225647 at *1 (6th Cir. May 1, 1997) (stating that "jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, any claims against Coffee County Jail fail to state a claim upon which relief may be granted and Coffee County Jail is therefore **DISMISSED** from this lawsuit.

Additionally, the complaint makes no factual allegations against Pamela Freeman or Southern Star Health. As such, the complaint does not "contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" as to them. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Pamela Freeman and Southern Star Health are therefore **DISMISSED** from this lawsuit.

As to Dr. Trussler, plaintiff alleges that he prescribed plaintiff medications that had caused plaintiff adverse effects in the past, and increased the dosage of the medications after plaintiff told Dr. Trussler about the past adverse effects of the medications. A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison doctors and officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Estelle,* 429 U.S. at 104-05. Also, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate

3

indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb,* 930 F.2d 1150, 1154-55 (6th Cir.1991)); *see also Estelle*, 429 U.S. at 103 ("[T]he denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose").

However, where a prisoner receives some medical care and the dispute is over its adequacy, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). By the same token, a difference of opinion between medical care providers as to appropriate treatment for an inmate's ailment does not present a constitutional controversy. *Estelle*, 429 U.S. at 105-06; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (finding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude).

In his complaint, petitioner appears to disagree with the course of treatment Dr. Trussler provided him. Plaintiff's assertion that Dr. Trussler should have rendered different treatment for his medical problems is an allegation of medical negligence, not a viable constitutional claim. Moreover, the complaint does not state plaintiff suffered any injury from the alleged negligence, but rather only references past adverse effects from the medications. Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Dr. Trussler and Dr. Trussler is **DISMISSED** from this lawsuit.

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court finds Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or

4

immunity. Accordingly, this action will be **DISMISSED** *sua sponte*, for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because Plaintiff is an inmate in the Hardeman County Correctional Facility, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Hardeman County Correctional Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies

with the portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

A separate judgment will enter.

**SO ORDERED**.

                                          */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE